40 F.3d 1249
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert W. KEARNS, Plaintiff-Appellant,
v.
CHRYSLER CORPORATION, Defendant,*
and
American Motors Corporation, Defendant.
Robert W. KEARNS, Plaintiff-Appellant,
v.
William O. BITTMAN and Reed Smith Shaw & McClay, Defendants-Appellees.
 Nos. 94-1303, 94-1311.
 United States Court of Appeals, Federal Circuit.
 Sept. 15, 1994.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 William O. Bittman and Reed Smith Shaw & McClay (Reed Smith) and Arnold, White & Durkee Corporation (AWD) move to dismiss Robert W. Kearns's appeals on the ground that he is seeking review of non-final, interlocutory orders. Reed Smith moves for sanctions against Kearns for filing frivolous appeals. Kearns has not filed a response.
 
 
 2
 Briefly, AWD represented Kearns in his infringement case against Chrysler until shortly before trial. Kearns then dismissed AWD as counsel. Reed Smith represented Kearns in the liability phase of his trial against Chrysler. Reed Smith withdrew with the consent of the district court. AWD and Reed Smith then sought recovery of legal fees from Kearns. The cases are presently pending in district court before a magistrate. A report and recommendation has been issued by the magistrate and no final decision has been issued by the district court.
 
 
 3
 In appeal nos. 94-1303 and 94-1311, Kearns seeks review of various interlocutory rulings pertaining to the legal fees issue. For example, Kearns seeks review of the district court's referral of the legal fees issue to the magistrate and of events that occurred at an oral hearing before the magistrate on April 28, 1994. In addition, in appeal no. 94-1303, Kearns seeks review of earlier matters, such as Reed Smith's application for attorney fees, the district court's order for the magistrate's report and recommendation on AWD's application for attorney fees, and Kearns's "strong objections" to an alleged ex parte conference between the district court and AWD.
 
 
 4
 These orders are not final or appealable. Pursuant to 28 U.S.C. Sec. 1295(a)(1), this court has jurisdiction to review final decisions of district courts. None of the actions Kearns seeks to have reviewed on appeal is a final decision of the district court, and a final decision has yet to be issued regarding the legal fees. Thus, these appeals by Kearns are premature.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Reed Smith's and AWD's motions to dismiss appeal no. 94-1303 are granted.
 
 
 7
 (2) Reed Smith's motion to dismiss appeal no. 94-1311 is granted.
 
 
 8
 (3) Reed Smith's motion for sanctions is denied.
 
 
 9
 (4) All sides shall bear their own costs.
 
 
 
 *
 The main portion of the Chrysler case was before this court in appeal no. 93-1450, -1470, which was decided on August 11, 1994. Still pending before the United States District Court for the Eastern District of Michigan are ancillary issues concerning the legal fees of Reed Smith Shaw & McClay (Reed Smith) and Arnold, White & Durkee Corporation (AWD). Kearns has filed a notice of appeal seeking review of various orders and rulings regarding the legal fees issue in this case, and that is the only issue on appeal in no. 94-1303. Thus, Chrysler is not a party for purposes of this appeal. However, both Reed Smith and AWD have filed motions to dismiss appeal no. 94-1303, which will be addressed in this order
 Kearns also filed notices of appeal in the two district court cases filed against Kearns by Reed Smith and AWD to recover their legal fees. This order will address Reed Smith's motion to dismiss appeal no. 94-1311. AWD's motion to dismiss appeal no. 94-1313 will be addressed in a separate order.